UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISON
AT COVINGTON

CIVIL ACTION NO. 23-177-DLB

FAHAD ALI                                                                                    PETITIONER

v.                         **MEMORANDUM OPINION AND ORDER**

SHAWN BYERS, et al.                                                                RESPONDENTS

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court upon Petitioner Fahad Ali's Petition for Writ of Habeas Corpus (Doc. # 1) filed under 18 U.S.C. § 2241, and his Motion to Expedite (Doc. # 2). The Court granted the Motion to Expedite and ordered responses. (Doc. # 5). Respondents Jason Maydak, Jailer of Boone County Jail, and Shawn Byers, Acting Director of the Chicago Field Office of Immigration and Customs Enforcement ("ICE"), filed their respective Responses. (Docs. # 8 and 9). In Respondent Byers's Response, he made a request for additional time to supplement his Response. (Doc. # 9). Ali then filed Replies and opposed Byers's request for additional time. (Docs. # 10 and 11). Byers also made a responsive filing to Ali's Reply opposing his request for additional time (Doc. # 12), and Ali moved to strike the filing (Doc. # 13). The matter having been fully briefed, the Court will **deny** Ali's Petition for Writ of Habeas Corpus (Doc. # 1) **without prejudice** for the reasons that follow. To the extent Byers's Request for Additional Time (Doc. # 9) can be construed as a Motion for Extension of time, that Motion is **denied as moot**, as is Ali's Motion to Strike (Doc. # 13).

1

I.      **FACTUAL AND PROCEDURAL HISTORY**

Petitioner Ali is a 31-year-old Pakistani national. (*Id.* at ¶ 3). He moved to the United States in February 2008 at the age of 16 as a lawful permanent resident. (Doc. # 1-2 at ¶ 3). He lived with his family for approximately ten months, but was sent back to Pakistan after they found out he was gay. (*Id.*). He eventually returned to the United States but was forced to live on his own. (*Id.*).

In 2018, Ali was convicted in the Southern District of Texas for conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), and was sentenced to 108 months of imprisonment. (Doc. # 1 at ¶ 17). Following his incarceration, the Department of Homeland Security ("DHS") charged him as removable to Pakistan and initiated removal proceedings against him in June 2023 (*Id.*). In August 2023, Ali "filed an application for deferral of removal under the Convention Against Torture ("CAT"), citing his sexual orientation, affiliation with Pakistan's Tehreek-e-Insaf party, and his prior conviction as reasons he fears torture in Pakistan." (*Id.* at ¶ 18). On November 16, 2023, his deferral of removal to Pakistan under CAT was granted. (*Id.* at ¶ 20). DHS did not file a notice of appeal for the Board of Immigration Appeals to review the decision. (*Id.* at ¶ 21).

Despite the deferral, Ali remains in DHS custody at the Boone County Detention Center in Boone County, Kentucky, who has an agreement with the United States Marshals Service to house ICE detainees. (Doc. # 8 at 1). ICE indicates that Ali is being detained while they attempt to effectuate his removal to a third country. (Doc. # 9). On December 19, 2023, Ali filed this § 2241 Petition. (Doc. # 1). He is seeking release because he was granted deferral of removal to Pakistan under CAT, and because he has

no lawful status or ties with any other country, his removal to a third country is not likely. (*Id.* at ¶ 22). He also alleges conditions of confinement that warrant release, including issues receiving his medication, disparate treatment from jail staff, and mold conditions that are exacerbating his asthma. (*Id.* at ¶ 23; Doc. # 1-2 at ¶¶ 21-26). Ali sought an expedited briefing schedule (Doc. # 2), which was granted on December 20, 2023 (Doc. # 5).

Respondent Maydak filed a Response arguing that he is an improper respondent in this action under Sixth Circuit case law. (Doc. # 8). Respondent Byers filed a Response, arguing that Ali's detention is proper while ICE attempts to identify a third country for removal, and requested additional time to supplement his briefing due to the expediency of the briefing period and his inability to receive service of the Petition over the holiday. (Doc. # 9). Ali filed Replies, arguing that Respondent Maydak is a proper respondent, Respondent Byers should not be granted additional time to supplement his briefing, and that his detention is unlawful as ICE is unable to demonstrate that it will be possible to remove Ali to a third country. (Docs. # 10 and 11).

As an initial matter, additional briefing from Respondent Byers is unnecessary to determine the outcome of the Petition, so to the extent that request can be construed as a Motion for Extension, that Motion will be **denied**. The Court will consider the arguments herein.

II.     ANALYSIS

    A.     Ali's Detention

"When an alien has been found to be unlawfully present in the United States and a final order of removal has been entered, the Government ordinarily secures the alien's

3

removal during a subsequent 90-day statutory 'removal period,' during which time the alien normally is held in custody." *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001).  When the 90-day period begins depends on the detainee's status.  8 U.S.C. § 1231(a)(1)(B).  Typically, the removal period begins at the latest of either: (i) the date the order of removal becomes administratively final or (ii) the date of the court's final order if the removal order is judicially reviewed and removal is stayed during the pendency of such review.  *Id.* at § 1321(a)(1)(B)(i)-(ii).

Here, on November 16, 2023, the Chicago Immigration Court found that Ali was removable due to his previous aggravated felony.  (Doc. # 1-4).  However, the court also granted Ali deferral of removal under the CAT.  (*Id.*).  DHS did not appeal this decision, but it did reserve the right to appeal.  (Doc. # 1-4).  Thus, the Order became administratively final when the 30-day appeal period expired on December 18, 2023.  (*Id.*); *see also* 8 C.F.R. § 1241.1 ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final . . . (c) [u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time.").  Ali's Petition argues that the 90-day period began on November 16, 2023, but based on § 1241.1, it actually began on December 18, 2023.  Thus, he is only 31 days into his removal period.

The crux of Ali's argument is that because he was granted deferral of removal to Pakistan and there is no realistic third country for him to be removed to, he should be released.  However, a clear reading of § 1231 indicates that DHS has 90 days to effectuate his removal and contains no caveats for whether removal is likely or not.  Although Ali cites to *Zadvydas*, the Supreme Court stated explicitly in that case that "the

4

alien normally is held in custody" during the statutory 90-day removal period. 533 U.S. at 682. In fact, § 1231 states that "*[u]nder no circumstance* during the removal period shall the Attorney General release an alien who has been found inadmissible under section 1182(a)(2)" which includes crimes for money laundering. 8 U.S.C. § 1231(2) (emphasis added); *see also* 8 U.S.C. § 1182(a)(2)(I)(i). In explicit language, § 1231 states that because Ali was convicted of the crime of money laundering, he is to be held in detention for the full duration of the 90 day removal period. Whether ICE is diligently pursuing his removal to a third country, or whether it is likely to occur, is not for the Court to consider at this juncture.

However, this is not to say that Ali shall be held in detention indefinitely. The Supreme Court held in *Zadvydas* that the indefinite detention of an alien is a violation of due process. *See* 533 U.S. at 688. In *Zadvydas*, the petitioner had been held in detention under § 1231(a) for years because the government could not designate a country to accept his removal. *Id.* at 682, 684-85. The Supreme Court noted that nothing in the statutory history indicated that Congress intended to authorize indefinite detention of persons ordered to be removed, and held that once removal is no longer foreseeable, continued detention is not authorized. *Id.* at 689. The Supreme Court held that a six-month period is presumptively reasonable for the government to effectuate removal, but after that, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* The Supreme Court noted that this holding did not mean that every alien not removed in six-months must be released, but

5

rather that an alien may be held in confinement "until there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Ali argues that there is no significant likelihood of removal now because he has no contacts with any third country, and ICE has not begun the process of identifying a third country either by interviewing him or securing documents from any third country for his removal. (Doc. # 1 at ¶ 22). Ali notes that in situations where individuals are granted a withholding of removal[1], "only 1.6% of noncitizens . . . were actually removed to an alternative country." (*Id.*) (citing *Johnson v. Guzman Chavez*, 594 U.S. ----, 141 S.Ct. 2271, 2286 (2021)). Ali also includes a declaration from Daniel Bible, an ICE Enforcement and Removal Operations Executive Associate Director, who stated that "removal to third countries is rare" and "particularly unlikely unless the noncitizen has a connection to a third country." (Doc. # 1-5 at ¶ 42).

While Ali's arguments are persuasive, ICE has clear statutory authority to detain him for the remainder of the 90-day removal period, and the existing case law to review his detention is not helpful to Ali at this juncture. If Ali remains in detention longer than the six months indicated in *Zadvydas* and he provides good reason to believe that there is no significant likelihood of removal as *Zadvydas* requires, the outcome of a future § 2241 Petition may be different. But because of his criminal conviction, he is required to be detained for the full 90-day period, which started December 18, 2023, and it is presumptively lawful for him to be detained for a period beyond that as long as ICE is

---

[1] Ali notes that a withholding of removal and a deferral of removal under CAT are separate forms of protection, but argues that this information is persuasive here because they have the same effect on a removal order ("forbidding removal to the particular country to which removal is withheld or deferred"). (Doc. # 1 at ¶ 36). In the alternative, Ali requests the opportunity to conduct "swift and narrow" discovery on this point. (*Id.* at ¶ 37). Discovery will not be necessary because this point is not determinative to the conclusion of the Court.

working to effectuate his removal.  His § 2241 Petition will be **denied without prejudice**, with right to refile if his detention status remains unchanged at the conclusion of the period authorized by *Zadvydas*.

However, it should be noted that § 1231 authorizes aliens to be released and subject to supervision if the alien has not been removed in the 90-day period.  *See* § 1231(a)(3) ("the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General.").  Those regulations are codified in the Code of Federal Regulations at 8 C.F.R. § 241.4-5 and specifically apply to detainees that have been granted a deferral of removal.  8 C.F.R. § 241.4(b)(3) ("Aliens granted . . . deferral of removal under the Convention Against Torture who are otherwise subject to detention are subject to the provisions of this part 241.").  Thus, at the expiration of the 90 days period, Respondent Byers (or others designated with authority in § 241.4) must evaluate Ali's circumstances and determine whether he is a candidate for supervision if ICE attempts to effectuate his removal beyond the 90-day period.  Respondents are cautioned that Ali's continued detention is subject to the due process standards set forth in *Zadvydas*, and Ali may file an additional § 2241 petition should a violation of his due process rights occur.

B. **Respondent Maydak**

In his Response, Respondent Maydak argues that because Ali is an ICE detainee, Maydak is not the proper custodian for a § 2241 Petition.  (Doc. # 8 at 2).  He cites to *Roman v. Ashcraft*, a Sixth Circuit case that held that for habeas petitioners in immigration context, the district director where a detention facility is located has the necessary "power" over a petitioner.  (*Id.*) (quoting 340 F.3d 314, 319 (6th Cir. 2003)).  He argues that

because Kentucky is included in the Chicago ICE Enforcement and Removal Operations District, Respondent Byers is the "only proper respondent" for Ali's Petition. (*Id.* at 3). Further, he argues that even if he is considered a proper respondent, the conditions alleged by Ali do not rise to the level of deliberate indifference that would constitute violations of his due process rights. (*Id.* at 3-4).

In Reply, Ali argues that the question of the proper custodian is unsettled and does not warrant the dismissal of Respondent Maydak. (Doc. # 11 at 3-4). He cites *Roman*, but also notes that the Seventh Circuit instead considers the warden of the facility holding the noncitizen to be the immediate custodian. (*Id.*) (citing *Kholyavsky v. Achim*, 443 F.3d 946 (7th Cir. 2006)). As Ali is currently being detained within the Sixth Circuit and there is clear authority on the issue, the Court declines to adopt conflicting Seventh Circuit precedent to determine whether Maydak is a proper respondent. Further, as the Petition will be denied without prejudice, it is inconsequential whether Respondent Maydak remain as a party to this Petition.

Ali does allege grievances with the conditions of his confinement; however, a § 2241 Petition is not the proper vehicle for those claims. *See Muhammed v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action."); *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) ("§ 2241 is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits."). While the Court can properly adjudicate whether his current incarceration is valid under a § 2241 Petition, the Court may not consider the

8

conditions he faces at the same time. Thus, to the extent his § 2241 Petition can be construed as seeking relief of the conditions of his confinement, that relief is denied.

### III.     CONCLUSION

Accordingly,

**IT IS ORDERED** as follows:

1) Petitioner Ali's Petition for Writ of Habeas Corpus filed under 18 U.S.C. § 2241 (Doc. # 1) is **denied without prejudice**;

2) To the extent Respondent Byers's Response (Doc. # 9) can be construed as a Motion for Extension of Time, that Motion is **denied as moot**;

3) Petitioner Ali's Motion to Strike (Doc. # 13) is **denied as moot**;

4) This action is **STRICKEN** from the Court's docket; and

5) A separate Judgment is filed concurrently herewith.

This 17th day of January, 2024.

Signed By:
*David L. Bunning*   DB
United States District Judge

K:\DATA\ORDERS\Cov2023\23-177 MOO on 2241.docx

9